

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4544 | **DATE** | 12/31/2002 |
| **CASE TITLE** | Superior Environmental Corp. Vs. Thomas Mangan et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to reconsider is granted and the order of October 3, 2002, is vacated. Defendants' motion to dismiss is granted as to count IV, and denied as to counts I, II, III and V. Status hearing set for February 11, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUPERIOR ENVIRONMENTAL CORP., )
a Michigan corporation, )
 )
               Plaintiff, )
 )
          vs. )    No. 02 C 4544
 )
THOMAS MANGAN and MARLIN )
ENVIRONMENTAL INCORPORATED, )
an Illinois corporation, )
 )
             Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Superior Environmental Corp. (Superior) filed suit against defendants Thomas Mangan (Mangan) and Marlin Environmental Incorporated (Marlin) arising out of Mangan's departure from and subsequent competition with Superior. Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff failed to state a claim, which motion was granted in part and denied in part. Plaintiff now files a motion to reconsider the order dismissing portions of the complaint, which motion is granted in part.

DOCKETED

## BACKGROUND

JAN 0 2 2003

From 1999 to April 30, 2002, Mangan served as vice-president of Superior's Sycamore, Illinois, office. On April 17, 2002, he notified Superior that he would be leaving Superior on April 30, 2002. Immediately upon departure, Mangan began working for defendant Marlin, a competitor of Superior's. Superior filed this suit consisting of five counts against defendants, alleging breach of fiduciary duties and intentional interference with prospective business

17

advantage and contractual relations. Defendants filed a motion to dismiss, arguing that once Mangan had left Superior he no longer had a fiduciary duty. On October 3, 2002, we granted that motion as to counts II, III and IV of plaintiff's complaint, granted it as to count I, to the extent that the complaint was based on Mangan's activities after departure from Superior, and denied the motion as to count V.

## DISCUSSION

A motion for reconsideration is only appropriate to correct manifest errors of law or fact, or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Reconsideration is not an appropriate forum for rehashing previously rejected arguments. In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978, 794 F.Supp. 261, 267 (N.D.Ill. 1992), aff'd 4 F.3d 997 (7th Cir. 1993). Upon reconsideration of the Illinois law in this area, we find that plaintiff's allegations state a claim for breach of fiduciary duty so as to survive a motion to dismiss.

Illinois law involving fiduciary duties of corporate officers following their departure from a corporation is, at best, confusing. In order to prevail at trial, it is clear that a plaintiff must prove that a fiduciary duty exists and that defendant has breached that duty in some manner. See e.g., H.Vincent Allen & Associates, Inc. v. Weis, 63 Ill.App.3d 285, 290-91, 379 N.E.2d 765, 769, 19 Ill.Dec. 893, 897 (Ill.App. 1st Dist. 1978). Illinois courts vary greatly, however, in determining who owes a fiduciary duty and in defining the scope of this duty.

While both employees and officers owe a duty to a corporation, officers "stand on a different footing." Veco Corp. v. Babcock, 243 Ill.App.3d 153, 160, 611 N.E.2d 1054, 1059, 183 Ill.Dec. 406, 411 (Ill.App. 1st Dist. 1993). This duty forbids an officer from actively exploiting

his position for his own benefit and from hindering the ability of a corporation to continue the business for which it was developed. *Id.*

At this point we cannot determine whether Mangan was an officer of Superior. While serving as vice-president of the Sycamore office, he was in charge of its day-to-day management. How much guidance he followed from the corporation is unclear. Even if Mangan was not a formally-elected corporate officer, he may be an officer for these purposes if Superior proves that he exercised certain powers of an officer or agent with the approval and recognition of the corporation. H & H Press, Inc. v. Axelrod, 265 Ill.App.3d 670, 679, 638 N.E.2d 333, 339, 202 Ill.Dec. 687, 693 (Ill.App. 1st Dist. 1994); *see also* Everen Securities, Inc. v. A.G. Edwards and Sons, Inc., 308 Ill.App.3d 268, 719 N.E.2d 312, 241 Ill.Dec. 451 (Ill.App. 3d Dist. 1999) (determining that a "branch office manager" with "significant managerial and supervisory responsibilities" was an officer for these purposes).

Assuming *arguendo* that Mangan was an officer of Superior and owed a fiduciary duty to the corporation, we do not have sufficient information about the alleged breach to dismiss the case at this point. A plaintiff may prove a breach of fiduciary duty by showing that a defendant used information gained during employment with defendant for his own use, even if this information does not rise to the level of trade secret protection. Comedy Cottage, Inc. v. Berk, 145 Ill.App.3d 355, 360-61, 495 N.E.2d 1006, 1011-12, 99 Ill.Dec. 271, 276-77 (Ill.App. 1st Dist. 1986). Moreover, some courts have determined that even though former officers have the right to legally compete, the solicitation of former clients – even after departure – may rise to the level of breach of fiduciary duty if the employee uses confidential information acquired during the relationship. H.Vincent Allen, 63 Ill.App.3d at 291-92, 379 N.E.2d at 769-70, 19

Ill.Dec. at 897-98; *see also* Smith-Shrader Co., Inc. v. Smith, 136 Ill.App.3d 571, 483 N.E.2d 283, 91 Ill.Dec. 1 (Ill.App. 1st Dist. 1985). The courts in H.Vincent Allen and Smith-Shrader reasoned that solicitations – even post-departure – act to hinder the purpose for which the corporation was developed. Other courts have curtailed this reasoning, determining that liability will not attach where the former employee uses only general knowledge acquired during the relationship. Dangeles v. Muhlenfeld, 191 Ill.App.3d 791, 548 N.E.2d 45, 138 Ill.Dec. 815 (Ill.App. 2d Dist. 1990).

Whether Mangan's activity and use of knowledge acquired while employed by Superior rises to the level of a breach of fiduciary duty is unclear. Superior properly alleges, however, that Mangan, as an officer of the corporation, owed a fiduciary duty and that by using information gained during his employment and soliciting Superior's clients, he breached that duty. We cannot determine, as required by Rule 12(b)(6), that there is no set of facts that plaintiff can prove, upon which it may prevail against Mangan at trial, and must therefore deny the motion to dismiss as to count I of the complaint – the claim of breach of fiduciary duty.

Counts II and III seek types of equitable relief: an injunction barring defendants from soliciting plaintiff's former clients and the imposition of a constructive trust on the profits gained by defendants from their solicitation of former clients. Plaintiff essentially alleges that the alleged breach of duty by Mangan has resulted and will continue to result in the loss of clients, and that this damage cannot be remedied by money damages alone. While these remedies are extraordinary and imposed at the discretion of the court, a breach of duty as alleged by plaintiff may call for an equitable remedy. *See* Cross Wood Products, Inc. v. Suter, 97 Ill.App.3d 282, 422 N.E.2d 953, 52 Ill.Dec. 744 (Ill.App. 1st Dist. 1981) (holding that an

injunction to prohibit employee from soliciting former employer's customers was necessary because harm to employer's competitive advantage could not be measured in money damages alone). We cannot determine, for the purposes of a motion to dismiss, that plaintiff cannot prevail on these claims for equitable relief if it demonstrates a breach of fiduciary duty.

Finally, count IV of the complaint alleges tortious interference with prospective business advantage. As stated in the order of October 3, 2002, granting the motion to dismiss, plaintiff does not have a cause of action against a bona fide competitor absent a claim for unfair competition. *See* A-Abart Elec. Supply, Inc. v. Emerson Elec. Co., 956 F.2d 1399, 1404-05 (7th Cir. 1992). Because plaintiff does not allege that any information used by Mangan and Marlin to solicit customers was confidential or protected by contract, it does not have a claim for unfair competition. Any breach of duty by Mangan, if proved by plaintiff, would exist as a result of his relationship with Superior, rather than his use of confidential information. As such, Marlin is protected by the conditional privilege and plaintiff cannot state a claim.

## CONCLUSION

Plaintiff's motion to reconsider is granted and the order of October 3, 2002, is vacated. Defendants' motion to dismiss is granted as to count IV, and denied as to counts I, II, III and V.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 31, 2002.